Argued and submitted November 16, 2005, at Sweet Home High School, Sweet Home; convictions vacated and remanded for merger of convictions and for resentencing; otherwise affirmed January 18, petition for review denied April 4, 2006 (340 Or 359)

# STATE OF OREGON,
*Respondent,*

v.

# MICHAEL STEVEN HAMILTON,
*Appellant.*

## 01C-40695; A120284

127 P3d 654

Robin A. Jones, Senior Deputy Public Defender, argued the cause for appellant. With her on the briefs were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Anna M. Joyce, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

HASELTON, P. J.

**HASELTON, P. J.**

Defendant challenges his convictions and sentences on two counts of murder by abuse and two counts of felony murder. ORS 163.115. On appeal, he argues that the trial court erred in admitting certain evidence over his relevancy objections. We reject defendant's evidentiary arguments without discussion. Defendant also raises numerous challenges to his sentences. As explained below, we need not reach most of defendant's arguments because the state concedes, and we agree, that the case must be remanded for resentencing due to the trial court's failure to merge the convictions.

Defendant was convicted of the murder of a single victim based on four different theories: (1) murder by abuse involving recklessness under circumstances manifesting extreme indifference to the value of a human life, causing the death of a child under 14 years of age, where defendant had previously engaged in a pattern or practice of assault or torture, ORS 163.115(1)(c)(A); (2) murder by abuse involving recklessness under circumstances manifesting extreme indifference to the value of a human life, causing the death of a child under 14 years of age, where defendant causes the death by neglect or maltreatment, ORS 163.115(1)(c)(B); and (3), (4) two counts of felony murder—*i.e.*, murder in the course of and in furtherance of committing the crime of second-degree assault, ORS 163.115(1)(b)(J). The trial court merged the two counts of felony murder into one of the counts of murder by abuse, but did not merge the two counts of murder by abuse. On appeal, defendant argues that the trial court erred in failing to merge the murder by abuse convictions. We agree.

In *State v. Barrett*, 331 Or 27, 36-37, 10 P3d 901 (2000), the court held that when a defendant is convicted of aggravated murder of a single victim under alternative theories, one murder conviction should result, although the judgment should set forth each of the theories on which the defendant was convicted. In *State v. Beason*, 170 Or App 414, 429-32, 12 P3d 560 (2000), *rev den*, 331 Or 692 (2001), we held that the same was true if a defendant is convicted of

murder under ORS 163.115 based on alternative theories. *Beason* is controlling here. The trial court erred in entering multiple murder convictions based on the death of a single victim.

Because the error requires resentencing, ORS 138.222(5), we need not reach defendant's other arguments concerning the constitutionality of his sentences.

Convictions vacated and remanded for merger of convictions and for resentencing; otherwise affirmed.